IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:26-cv-176-BO-RN

ASHLEY GASTON, )
)
Plaintiff, )
)
v. )  O R D E R
)
THE BLOOD CONNECTION, )
)
Defendant. )

This matter comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert T. Numbers II. [DE 7]. Plaintiff Ashley Gaston, appearing pro se, filed a complaint against her former employer The Blood Connection (hereinafter "TBC"), on March 18, 2026. [DE 1]. Gaston also filed an application to proceed in forma pauperis, [DE 2] and a notice of spoliation of evidence. [DE 5]. Magistrate Judge Numbers entered an order and memorandum and recommendation (M&R) granting plaintiff's application to proceed in forma pauperis and recommending dismissal of some of her claims. [DE 7]. Plaintiff objected to the recommendation that her claims be dismissed. [DE 8]. In this posture, the matter is ripe for disposition. For the following reasons, the memorandum and recommendation is adopted in part and rejected in part, and all claims are dismissed.

## I. Background

Ashley Gaston filed this action against TBC, alleging that her former employer discriminated and retaliated against her, thereby violating the Americans with Disabilities Act (ADA). In the complaint [DE 1], Gaston alleges that she requested accommodations connected to a medical procedure, but TBC did not respond to her requests. She alleges TBC underpaid her, refused her request for a transfer, and engaged in bullying, harassment, and defamation. [DE 1].

Magistrate Judge Numbers recommended dismissal of all claims except her retaliation claim. [DE 7].

## II. Legal Standard

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Analysis

Plaintiff objected to the recommendation that her ADA claims for failure to accommodate and hostile work environment be dismissed. [DE 8]. The Court, however, need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Because plaintiff's objection articulates no specific grounds on which the recommendation should be rejected, the Court has reviewed for clear error

2

the recommendation that plaintiff's failure to accommodate and hostile work environment claims be dismissed and found none. Accordingly, that recommendation is adopted.

The M&R also recommended plaintiff's ADA retaliation claim be allowed to proceed. The ADA's retaliation provision makes it unlawful to "discriminate against any individual because such individual" is engaged in protected activity under the ADA. 42 U.S.C. § 12203(a). In order to successfully state a retaliation claim under Title I of the ADA, the movant must plausibly allege that (1) the party was engaged in protected conduct, (2) the party suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). A plaintiff does not need to plausibly allege that he or she has a disability to properly state an ADA retaliation claim. *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 653 (4th Cir. 2023).

Gaston plausibly alleged that she engaged in protected activity by requesting an accommodation. [DE 1, p. 4]. With respect to the adverse-action element, the Court considers each alleged act of mistreatment in turn. "An alleged retaliatory action must be 'materially adverse,' meaning that the plaintiff must show that the action 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Laird v. Fairfax Cty.*, 978 F.3d 887, 893 (4th Cir. 2020) (quoting *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006)). "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up, citation omitted).

Plaintiff alleges she experienced bullying, harassment, and defamation [DE 1, p. 4]. She alleges she complained to her employer about the harassment and bullying, her work conditions generally, and complained about shortages in pay. *Id.* She does not, however, describe the specific

3

acts she contends constituted bullying or harassment, or explain how they affected the conditions or benefits of her employment. Without more, her allegations that she was bullied, harassed, and defamed are conclusory. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint does not provide enough factual matter to give defendant fair notice of a claim based on bullying, harassment, or defamation, and plaintiff cannot rely on her allegations of such conduct as adverse employment actions for purposes of her retaliation claim.

As for plaintiff's allegation that she was underpaid, there is insufficient allegation to plausibly infer that her request for disability accommodations motivated the alleged shortage in pay. [DE 1, p. 4]. "The causation element requires more than mere temporal proximity between the protected activity and adverse action; a plaintiff must show that her engagement in protected activity was a but-for cause of the employer's decision." *Karnes v. Midland Credit Mgmt.*, No. 7:24-CV-00335, 2026 WL 1103453, at *5 (W.D. Va. Apr. 23, 2026). Lacking any allegations to that effect, Gaston failed to plausibly allege the requisite causal link to her request for accommodations. She alleges she informed her employer "several times of [harassment, bullying,] and retaliation, including shortage in pay," but does not describe when defendant began underpaying her or what she believes motivated the underpayment.

The Court has reviewed the remainder of the M&R for clear error and found none.

<u>IV. Conclusion</u>

For the foregoing reasons, the M&R [DE 7] is ADOPTED IN PART and REJECTED IN PART. The portion dismissing the plaintiff's claims is adopted and the portion allowing her

4

retaliation claim to proceed is rejected. All of the plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to amend the damages demand in the complaint [DE 11] is DENIED as MOOT. The Clerk is directed to enter judgement in favor of defendant and close the case.

SO ORDERED, this 28 day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE